UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINTON PARKS, Individually

        Plaintiff,

v.                                        Case No.:   2:20-cv-227-FtM-38NPM

JOHN W RICHARD and
SHIPWRECK MOTEL, INC.,

        Defendants.
                                          /

## OPINION AND ORDER[1]

Before the Court is Defendants John Richard and Shipwreck Motel, Inc.'s (together "Shipwreck") Motion to Dismiss Complaint or, in the Alternative, Motion for a More Definite Statement (Doc. 6) and Plaintiff Clinton Parks' response in opposition (Doc. 10).  For these reasons, the Court denies the Motion.

## BACKGROUND[2]

This is an Americans with Disabilities Act ("ADA") tester case.  Parks is disabled.  And he tests businesses' compliance with ADA requirements.  Parks virtually swung through the Fort Myers division recently, filing at least eight other cases more or less identical to this one.[3]

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

[2] These are the facts alleged in the Complaint (Doc. 1), which the Court accepts as true. *Chandler v. Sec'y Fla. Dep't of Transp.*, 695 F.3d 1194, 1198-99 (11th Cir. 2012).

[3] The Court can take judicial notice of this fact from its own docket without converting the motion to summary judgment.  *Guice v. Brennan*, No. 8:15-cv-2846-T-MAP, 2017 WL 11460391, at *2 n.2 (M.D. Fla. Jan. 20, 2017).

In this type of ADA case, the tester visits a hotel's website to see if it contains certain accessibility information required by federal regulations. Shipwreck, which runs a motel on Fort Myers Beach, has a website that does not (1) identify accessible rooms, (2) allow customers to book accessible rooms, or (3) provide information about whether rooms or hotel features are accessible. (Doc. 1 at 5-6). Thus, Parks could not assess whether Shipwreck met his accessibility needs or the regulatory requirements. (Doc. 1 at 4-5). The Complaint identifies Shipwreck's website, along with third-party sites (like Expedia and Orbitz) that also fail to supply accessibility information about Shipwreck.

Shipwreck moves to dismiss the Complaint for lack of standing. In the alternative, Shipwreck asks the Court to order a more definite statement.

## LEGAL STANDARD

A motion to dismiss for lack of standing challenges subject-matter jurisdiction, so Rule 12(b)(1) governs. *Meyer v. Fay Servicing, LLC*, 385 F. Supp. 3d 1235, 1238 (M.D. Fla. 2019). These attacks take two forms: facial and factual. *Id.* at 1239. On a facial protest—like this one—"the Court takes the allegations in the complaint as true in deciding the motion." *Id.*

Plaintiffs must show standing to invoke federal jurisdiction. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). For standing, there must be injury, causation, and redressibility. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). An "injury in fact" (the prong at issue) means "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Id.* at 560 (internal quotation marks, footnote, and citations omitted). When seeking injunctive relief, a plaintiff also "must show a sufficient likelihood that he will be affected

by the allegedly unlawful conduct in the future." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1328 (11th Cir. 2013) (citation omitted).

## DISCUSSION

A plaintiff in a Title III ADA discrimination case must prove "(1) he is a disabled individual; (2) the defendants own, lease, or operate a place of public accommodation; and (3) the defendants discriminated against the Plaintiff within the meaning of the ADA." *Norkunas v. Seahorse NB, LLC*, 444 F. App'x 412, 416 (11th Cir. 2011). In dispute is discrimination, which includes "the failure to make reasonable modifications in policies, practices, or procedures . . . necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities." 42 U.S.C. § 12182(b)(2)(A)(ii). To carry out its delegated authority, the Department of Justice promulgated the following rule for hotel reservation systems:

> (e)(1) Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party—
>
> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
>
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs . . . .

28 C.F.R. § 36.302(e)(1)(i)-(ii); *see* 42 U.S.C. § 12186(b).

ADA website cases are somewhat tricky because courts nationwide are trying to fit the square peg of an online injury into the round hole of traditional standing analysis. *See Price v. Escalante-Black Diamond Golf Club LLC*, No. 5:19-cv-22-Oc-30PRL, 2019 WL 1905865, at *4-5 (M.D. Fla. Apr. 29, 2019). And there is little authoritative guidance to help district courts. *Id.* Fortunately, cases across the Middle and Southern Districts addressed an ADA tester's standing for this type of hotel website case. Each concluded allegations like Parks' show standing for an injury. *Poschmann v. Fountain TN, LLC*, No. 2:19-cv-359-FtM-99NPM, 2019 WL 4540438, at *2 (M.D. Fla. Sept. 19, 2019).[4] Here, the website failed to identify the motel's accessible features or allow booking of accessible rooms. So the Court concludes Parks alleged he suffered an injury in fact by encountering barriers that violate the ADA.

Because Parks seeks injunctive relief, however, he must also show a likelihood of future injury. *Houston*, 733 F.3d at 1328-29, 1334. In ADA cases, the Eleventh Circuit "focuse[s] on the frequency of the plaintiff's visits to the defendant's business and the definitiveness of the plaintiff's plan to return." *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 832 (11th Cir. 2017). Typically, courts apply this four-factor test set out in *Houston*: "(1) the proximity of the defendant's business to the plaintiff's residence; (2) the plaintiff's past patronage of the defendant's business; (3) the definiteness of the plaintiff's plan to return; and (4) the frequency of the plaintiff's travel near the defendant's business."

---

[4] *Honeywell v. Harihar Inc.*, No. 2:18-cv-618-FtM-29MRM, 2018 WL 6304839, at *2-3 (M.D. Fla. Dec. 3, 2018); *Kennedy v. Sai Ram Hotels, LLC*, No. 8:19-cv-483-T-33JSS, 2019 WL 2085011, at *2-4 (M.D. Fla. May 13, 2019); *Kennedy v. Gope Hotel Enters., Inc.*, No. 0:19-cv-60544-UU, 2019 U.S. Dist. LEXIS 89870, at *6-8 (S.D. Fla. May 28, 2019); *Honeywell v. FDG N., LLC*, No. 18-CV-62318-WILLIAMS/VALLE, 2019 U.S. Dist. LEXIS 119963, at *6-7 (S.D. Fla. July 17, 2019); *see also Bryan v. Florencia Park LLC*, No. 8:19-cv-1197-T-02AEP, 2019 WL 4394002, at *2-3 (M.D. Fla. Sept. 13, 2019); *Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, No. 17-cv-14363-MIDDLEBROOKS, 2018 WL 3387679, at *3 (S.D. Fla. May 23, 2018); *Kennedy v. Floridian Hotel, Inc.*, No. 1:18-cv-20839-UU, 2018 WL 10601977, at *4 (S.D. Fla. Dec. 7, 2018).

*Houston*, 733 F.3d at 1327. Those factors are neither exclusive nor dispositive, so "courts must consider the totality of all relevant facts to determine whether a plaintiff faces a real and immediate threat of future injury." *Id.* at 1337 n.6.

Yet the *Houston* factors are difficult to apply in website cases, which usually present intangible barriers that can be felt far away from the property. *Sai Ram*, 2019 WL 2085011, at *3. Some courts apply the *Houston* test nonetheless, *Price v. City of Ocala, Fla.*, 375 F. Supp. 3d 1264, 1272 (M.D. Fla. 2019), while others do so only to the extent that it fits with the facts of a case, *Floridian Hotel*, 2018 WL 10601977, at *5. Without deciding the issue, the Court applies those factors given the briefing and because the result is the same regardless.

As to proximity, the claim here is an online injury, so geography is not as helpful as it would be in a physical barrier case. Even so, because this is a hotel case, the proximity factor cuts the opposite way than it would in another ADA context. Unlike a restaurant or store, the closer a hotel is to a plaintiff's home, the less likely it becomes the plaintiff will use the hotel. As one court put it, "the very purpose of a hotel is to use it when one is far from home." *Florencia Park*, 2019 WL 4394002, at *3. If anything, therefore, the distance between the motel and Parks' home (165 miles) supports a future injury.

Next is past patronage. It appears Parks only visited Shipwreck's website once. But he also inspected five third-party websites, finding the same inadequacies. On this point, Shipwreck argues Parks failed to allege he ever visited or intended to visit the motel. But that misunderstands the theory. As Judge Steele recently explained, this "ADA claim is based upon [defendant's] *website* failing to identify the accessible features of the motel and its rooms, in violation of 28 C.F.R. § 36.302(e)(1)(ii). Therefore, the relevant 'future

5

injury' inquiry relates to the motel's website and reservation system, rather than the motel's physical property." *Fountain TN*, 2019 WL 4540438, at *2. While Parks may have never visited the motel, he visited its website and several third-party sites. So this factor leans toward a future injury.

Then comes the definiteness of Parks' plans to return. Shipwreck says the allegations are generalized and never declare an intent to visit the motel or area. Again, it is Parks' intent to visit the website that is relevant. The Complaint alleges a definite plan to use the websites in six months and again in one year. (Doc. 1 at 6). And Parks claims to have a recheck system to test for compliance. Several cases found similar allegations enough to support the definiteness of a future injury. *Fountain TN*, 2019 WL 4540438, at *2; *see also Harihar*, 2018 WL 6304839, at *3; *Coral Reef*, 2018 WL 3387679, at *3; *Florencia Park*, 2019 WL 4394002, at *3. This buttresses a future injury.

The final factor is frequency of travel near defendant's business, which again has less clout in website cases. Shipwreck is correct that the Complaint does not specify how often Parks travels to Fort Myers Beach. But there are allegations that Parks visited the websites once and will do so two more times this year. So at most, this factor is a draw.

In sum, the *Houston* factors favor a future injury. Shipwreck does nothing to call this into question. Every case it points to involved ADA testers challenging physical barriers, not website cases. *See generally* (Doc. 6 at 4-7). What is more, none of Shipwreck's cited cases concerned these regulations. Much of Shipwreck's position boils down to questioning Parks' motive for visiting the website. Yet ADA testers' status does not strip them of standing. *Houston*, 733 F.3d at 1332-34. Considering the totality of the circumstances, the Court finds Parks alleged a real and immediate threat of future injury.

Alternatively, Shipwreck seeks a more definite statement. A more definite statement is proper if a pleading "is so vague or ambiguous that the [opposing] party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Typically, these motions are disfavored and cannot supplant discovery. *E.g.*, *Spiral Direct, Inc. v. Basic Sports Apparel, Inc.*, 151 F. Supp 3d 1268, 1281 (M.D. Fla. 2015). Aside from its bare request, Shipwreck never argues entitlement to a more definite statement or explains why it cannot prepare a response. And the Complaint identifies the websites along with the reasons they violate the ADA. *Cf. Poschmann v. Estancia US, Inc.*, No. 2:19-cv-445-FtM-38MRM, 2019 WL 5295153, at *1 (M.D. Fla. Oct. 18, 2019) (denying default judgment because ADA tester failed to explain how the website violated the regulations). With no argument from Shipwreck on this point, the Court denies the alternative request.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement (Doc. 6) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 18th day of May, 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record