UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CLINTON PARKS,
    Plaintiff,

v.                               CASE NO. 2:20-cv-00227-SPC-NPM

JOHN W. RICHARD, TRUSTEE,
FOR GADD-1 237 OLD SAN CARLOS
BLVD LAND TRUST & SHIPWRECK
MOTEL, INC.
    Defendants.

## PLAINTIFF'S SUR-REPLY IN OPPOSITION TO DEFENDANTS' SECOND MOTION TO DISMISS

Plaintiff, by and through undersigned counsel, hereby files the instant Sur-Reply In Opposition To Defendants' Motion To Dismiss, [D.E. 14] and the Defendant's Reply [D.E.23].

This is an action in which the Plaintiff seeks a court order requiring the Defendant to bring its own website and the third party booking sites it utilizes into compliance with the requirements of 28 C.F.R. Section 36.302(e)(1). The Defendant's initial response in which it asserted that the Plaintiff lacked standing [D.E. 6]. That motion was denied [D.E. 11]. Seemingly undaunted and the language of Rule 12(g)(2), *Fed.R.Civ.P.*, notwithstanding, the Defendant proceeded to file a second motion to dismiss claiming that the case was moot and, the express language of 28 C.F.R. Section 36.302(e)(1) notwithstanding, that is was not responsible for the content of third party websites [D.E. 14]. With the Plaintiff's response to that motion, the Defendant proceeded to file a reply in which, in addition to commenting on what the Plaintiff pointed out in her reply, asserted for the first time that the Plaintiff could not meet the federal injunction standard [D.E. 23, p.5]. While the Plaintiff does not contest that the jurisdiction of the

Court may be raised at any time, the Defendant's remaining arguments have long since been waived. As discussed below, none of the more recent things the Defendant has to say fare any better even it taken in their own terms.

Defendant failed to adequately rebut or distinguish the cases cited by Plaintiff. "A defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.*, 528 U.S. 167, 190 (2000).

First, Defendant does not contest the fact that it continues to discriminate against disabled persons, inclusive of the Plaintiff, by using third parties to book rooms for its hotel online. Defendant evades this issue by simply claiming that it is not responsible for the third party websites. This is despite the fact that the Regulation unequivocally imposes liability on the Defendant for its reservations services used through the third parties, despite the fact that Defendant has contracts with the third party providers and they rely on the Defendant to provide the required information, and despite the fact that the third party providers' websites are often compliant when they are provided with the required information.

Thus, by continuing to operate through the third parties, Defendant continues to discriminate against the Plaintiff.

Nor does closing its website moot this case. In *Friends of the Earth, Inc. v. Laidlaw Envtl. Serv., Inc.*, 528 U.S. 167, 189 (2000), the Supreme Court held that shutting down a polluting factory did not moot a claim because defendant could resume operations at any time. In *City of Los Angeles v. Lyons*, 461 U.S. 95 (1983), the Supreme Court held that a moratorium

2

on police choke holds did moot a claim because it was not permanent.

In *Access For America, Inc. v. Zicheck Investments, Ltd.*, Case No. 8:01-cv-2228, DE 51, p. 4 (M.D.Fla. 3/13/2003), another court in this district rejected a mootness claim where the defendant had closed discriminatory restrooms to the public in order to moot a case. The Court reasoned that the "possibility remains that the Defendant could merely return to its old ways". In *Secretary of Labor, U.S. Dep't of Labor v. Burger King Corp.*, 955 F.2d 681 (11th Cir. 1992), the Eleventh Circuit rejected a mootness claim where the defendant had asserted that it ceased its policy of hiring minors. The Circuit Court held that the defendant had failed to meet its burden of proving the challenged conduct could not recur.

In all of the above cited cases, it would have been significantly harder for the respective defendants to return to their old ways. For example, the *Laidlaw* defendant would have had to reopen an entire factory. In the instant case, all Defendant has to do is press a few button on its computer and its discriminatory website will thus be uploaded.

Moreover, the language quoted from *Haynes v. Hooters of Am., Inc.* speaks for itself. The Eleventh Circuit did not include such language in its opinion frivolously. Rather, this statement by the Circuit Court set forth its proclamation that website discrimination cases cannot be mooted.

*Icare Finland Oy v. Nelson Tobin Instruments, Inc.*, 8:10-cv-599, DE 26 (M.D. Fla. 9/24/10), cited by Defendant is inapposite, as it was nothing more than a court's ruling on a motion for preliminary injunction and, therefore, was not a final ruling on the merits. Moreover, in that case, the court had indicated that ownership of the website in question (which had only ever been up for 6 days) had been transferred to another unrelated party.

For the foregoing reasons, Defendant's motions must be denied.

*/s/Philip Michael Cullen, III*
Fla. Bar No: 167853
**PHILIP MICHAEL CULLEN, III**
**Attorney-at-Law – Chartered**
Attorney for Plaintiffs:
621 South Federal Highway, Suite Four
Fort Lauderdale, FL 33301
ph. (954) 462-0600
fax (954) 462-1717
CULLENIII@aol.com

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record on July 2, 2020.

*/s/Philip Michael Cullen, III, Esq.*