UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CLINTON PARKS, Individually

    Plaintiff,

v.                                            Case No.:  2:20-cv-227-FtM-38NPM

JOHN W RICHARD and
SHIPWRECK MOTEL, INC.,

    Defendants.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Defendants John Richard and Shipwreck Motel, Inc.'s (together "Shipwreck") Motion to Dismiss (Doc. 14) and Plaintiff Clinton Parks' response in opposition (Doc. 18).  The parties also replied and surreplied (Docs. 23; 24).  The Court denies the Motion.

### **BACKGROUND**

This is an Americans with Disabilities Act ("ADA") "e-tester" case.  Parks tests websites for compliance with certain federal regulations.  He checked a website Shipwreck maintained for its motel—finding deficiencies.  What is more, Parks found the same shortcomings on five third-party websites that book reservations for Shipwreck (like Expedia and Orbitz).  On the last motion to dismiss, the Court held Parks has standing.  (Doc. 11).  Now, Shipwreck contends the case is moot after removing its website from the internet.  (Doc. 15).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees.  By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them.  The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

**LEGAL STANDARD**

Ultimately, "mootness is a jurisdictional issue," so Rule 12(b)(1) governs. *See Covenant Christian Ministries, Inc. v. City of Marietta, Ga.*, 654 F.3d 1231, 1239 n.4 (11th Cir. 2011). These attacks take two forms: facial and factual. *Meyer v. Fey Servicing, LLC*, 385 F. Supp. 3d 1235, 1229 (M.D. Fla. 2019). On a factual attack—like this one—the challenge goes to "subject matter jurisdiction in fact, irrespective of the pleadings." *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003). So courts "consider extrinsic evidence such as testimony and affidavits." *Id.* If a defendant claims "voluntary compliance moots a case," it "bears the formidable burden of showing that it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Environmental Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000).

**DISCUSSION**

Article III limits federal courts to hear only "Cases" and "Controversies." U.S. Const., art. III, § 2. From there, courts derived the mootness doctrine. *Soliman v. U.S. ex rel. INS*, 296 F.3d 1237, 1242 (11th Cir. 2002). A "case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Like a brown banana, a moot case is simply past its prime and there isn't much a federal court can do with it.[2] So when postsuit events "deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001).

---

[2] Of course, overripe bananas are good for some things (like bread). Similarly, courts can decide moot cases sometimes. *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1255-56 (11th Cir. 2001).

2

While Shipwreck no longer maintains its website, third-party sites continue to operate (as alleged) in violation of the regulations by failing to offer accessibility information required by 28 C.F.R. § 36.302(e)(1)(i)-(v).  And Shipwreck offers no evidence to show these sites were taken down or made ADA compliant.  In short, there is still a live controversy, and the case is not moot.

As requested, the Court notices Shipwreck's now-defunct website.  But if the Court takes notice of one challenged site, it should also consider the other five.  The Court has done so.  While clear Shipwreck has cute rooms and fantastic reviews, accessibility information is missing from the third-party sites.[3]

The Expedia, Hotels, and Orbitz sites are basically identical.  The sites say Shipwreck has disabled parking, but nothing reveals Shipwreck offers accessible rooms.  There is, however, the following statement: "If you have requests for specific accessibility needs, please note them in the special requests field on the booking page after selecting your room."[4]  Yet this disclaimer is not enough to allow disabled individuals to book accessible rooms like nondisabled patrons nor determine whether Shipwreck meets accessibility needs.  The Booking site is a bit different.  Along with disabled parking, this website informs patrons "Entire unit located on ground floor."  But nothing explains what that means.  Finally, the Priceline site comes the closest to providing accessibility information.  Under its accessibility section, the site lists "Handicapped Rooms/Facilities."

---

[3] Typically, courts in the Eleventh Circuit do not take judicial notice of private, nongovernmental websites. *Gaza v. LTD Fin. Servs., L.P.*, No. 8:14-cv-1012-T-30JSS, 2015 WL 5009741, at *2 (M.D. Fla. Aug. 24, 2015).  That said, the Court will do so for the limited purposes of this Motion to decide whether it has jurisdiction.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990) ("Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." (citation omitted)).  Even if the Court did not take notice of the third-party websites, the result would be the same because Shipwreck's affidavit (Doc. 15) does not rebut the allegations on those five sites.
[4] The Hotels site does not include the disclaimer.

Still, there does not appear to be any way to book an accessible room. Thus, the information on all five sites is deficient.

Shipwreck argues it cannot be liable for ADA violations on a third-party site. Not so. As the regulations demand, Shipwreck must have compliant reservation systems, even when provided through third parties. 28 C.F.R. § 36.302(e)(1). Like the regulation, DOJ guidance explains hotels must ensure reservations made through third parties are "in a manner that results in parity between those who need accessible rooms and those who do not." (Doc. 18-1 at 3); *see also* 28 C.F.R. Pt. 36, app. A § 36.302(e). Although Shipwreck may have defenses, such as whether it provided information to the third parties, those present factual disputes neither argued in the briefing nor appropriate for a motion to dismiss. So Shipwreck's argument falls flat, and the third-party sites present a live controversy. This distinguishes the case from another, which was found moot. *Harty v. Nyack Motor Hotel, Inc.*, No. 19-CV-1322 (KMK), 2020 WL 1140783 (S.D.N.Y. 2020) (refusing to consider third-party sites because the allegations on them were insufficient).

In response, Shipwreck contends an exception applies. But it misunderstands that provision. The plain language follows:

> The requirements in paragraphs (iii), (iv), and (v) of this section do not apply to reservations for individual guest rooms or other units not owned or substantially controlled by the entity that owns, leases, or operates the overall facility.

28 C.F.R. § 36.302(e)(2). In other words, it exempts three regulatory requirements when reserving a single room not owned by the building owner. Parks calls this a narrow carve out for circumstances like timeshare or condo rentals. The Court agrees—this provision creates a sort of "Airbnb exception." And it does not apply to facility owners (like

4

Shipwreck) who own and operate the facility and rent out their own rooms.  So it has no bearing here.  See 28 C.F.R. Pt. 36, app. A § 36.302(e).

In any event, even if the exception applied, it does not affect paragraphs (i) and (ii).  The Complaint alleges violations of those subsections.  (Doc. 1); *see Poschmann v. Coral Reef of Key Biscayne Developers, Inc.*, No. 17-cv-14363-MIDDLEBROOKS, 2018 WL 3387679, at *3-5 (S.D. Fla. May 23, 2018) (explaining the differences between violations of paragraphs (i)-(ii) and (iii)-(v)).  So if the exception applies, it cannot bar all of Parks' claims.

On top of the plain regulatory language, case law cautions against a mootness finding.  One court just entered default judgment against a hotel for noncompliance on third-party sites.  *Kennedy v. NILA Invs., LLC*, No. 2:19-cv-090, 2020 WL 3578362 (S.D. Ga. July 1, 2020).  And as another explained, a defendant who brings its website into compliance does not automatically moot an ADA claim.  *Kennedy v. Floridian Hotel, Inc.*, No. , 2018 WL 10601977, at *3 n.3 (S.D. Fla. Dec. 7, 2018).  But the coup de grâce for this Motion is *Haynes v. Hooters of Am., LLC*, 893 F.3d 781 (11th Cir. 2018).  There, the Eleventh Circuit held an ADA e-tester case was not moot simply because defendant entered a remediation plan as part of settlement in separate (but identical) ADA litigation. *Id.* at 783-84.  *Hooters* reasoned, "even if [defendant's] website becomes ADA compliant, [plaintiff] seeks injunctive relief requiring [defendant] to maintain the website in a compliant condition." *Id.* at 784.  This case is analogous.  Even though Shipwreck no longer maintains an ADA violating website, Parks seeks an injunction to ensure third-party websites comply with the requirements.  So like *Hooters*, the Court cannot declare the case moot because there is still a live dispute and Parks may be able to obtain relief.

5

*Id.* at 784.  What is more, nothing stops Shipwreck from reactivating its website right after this case.  See *Laidlaw*, 528 U.S. at 190.  While the Court need not decide the issue given the third-party sites, Parks may be able to obtain an injunction to prevent Shipwreck from reestablishing a website with ADA deficiencies.

Again, much of Shipwreck's position boils down to frustration with Parks because he is an ADA e-tester.  But that is not a reason to dismiss.   Because this case is not moot, the Motion is denied.

Accordingly, it is now

**ORDERED:**

Defendants' Motion to Dismiss (Doc. 14) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 21st day of July, 2020.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

6